UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KENNETH WHITE ) | |
| ) | |
| v. ) | NO. 2:08-CV-255 |
| ) | *Greer/Inman* |
| JUDGE DAVID BRAND, ROGER ) | |
| CHRISTIAN, and the HAWKINS COUNTY ) | |
| SHERIFF'S DEPARTMENT ) | |

## **MEMORANDUM and ORDER**

Kenneth White, a pretrial detainee in the Hawkins County jail at the time he filed this lawsuit, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants are a state court judge, a county sheriff, and the county sheriff's department. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. Because plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Accordingly, the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's' inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month),

but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee assessment and collection procedures outlined above.

The Court now must review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607.  If so, this suit must be dismissed.

In paragraph IV of the complaint, plaintiff states his claim in its entirety:

> On or about March 10 or 11 I went for arraignment[.]  They made me wear a mask to court[.]  I could not say nothing [sic][.]  [T]he Judge had a note on the door saying anyone entering courtroom will be exposed to Aids[.]  [H]e also told the hole [sic] courtroom that I had Aids[.]  The sheriff Roger Christian put it in the newspaper[.]  I [am] sending you this letter to about it[.]

Plaintiff maintains that these actions have caused him mental stress and have violated his rights.  Attached to the complaint is an undated letter bearing plaintiff's signature.[2]  In this

---

[1]  Payments should be mailed to:   The Clerk's Office, USDC
                                     220 West Depot Street, Ste. 200
                                     Greeneville, TN 37743.

[2]  The Court is also in receipt of several letters from a Cathy Morgan, who identifies herself as plaintiff's sister and who claims that her brother is detained in the jail for a crime he did not commit. However, she is not a party to the lawsuit and, therefore, the allegations in her letter cannot be considered in screening this complaint.

2

document, he objects to a newspaper article, in which was written that he has AIDS and was nude when he was brought to jail. According to the letter, plaintiff can show that neither of these things is true and that the publication of these falsehoods has caused shame and embarrassment to his family, including his brother, who is a police officer. Plaintiff concludes that the jail was the party responsible for releasing this personal and confidential health information to the newspaper and that, in so doing, it has violated his rights under the HIPPA law (Health Insurance Portability and Accountability Act of 1996).

As an initial matter, one defendant, the Hawkins County Sheriff's Department, is a non-suable entity. This is so because that organization has no legal or corporate existence apart from Hawkins County; it does not qualify as a "person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

The allegations which form the core of plaintiff's complaint fall within the three general categories outlined below.

A. ***Defamation by Slander  [Newspaper Article].***

Plaintiff claims that defendant Roger Christian, the Sheriff, described him as being nude when he was arrested and released personal and confidential health information to the newspaper, which published it; that the information was untrue; and that he can prove that it was untrue.

To state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a

3

right privilege or immunity secured by the constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to show the first element, that is, the deprivation of a right secured by the Constitution and laws of the United States.

The Fourteenth Amendment to the United States Constitution protects against a state actor depriving a person of life, liberty, or property without due process of law. *See e.g., Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140-141 (6th Cir. 1999). An allegation of defamation, without more, does not state a section 1983 claim because harm or injury to reputation, even if it is inflicted by an officer of the state, does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Thus, the alleged slanderous actions of defendant sheriff do not infringe any constitutionally protected interest of plaintiff's. *See Cutshall v. Sundquist*, 193 F.3d 466, 478 (6th Cir. 1999).

B. ***HIPPA Violation  [Disclosure of Health Information].***

Plaintiff claims that the unauthorized release of information concerning his health issues also violated his rights under the HIPPA law.

In general, HIPPA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164. However, HIPPA regulations do not confer a private right of action on an individual. Plaintiff's only remedy for an alleged HIPPA violation is to lodge a written complaint with the Secretary of Health

4

and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. *See* 45 C.F.R. § 160.306. For these reasons, the Court lacks subject matter jurisdiction over plaintiff's claim that his HIPPA privacy rights were infringed.

Also, if, at the same time, plaintiff is asserting that his constitutional rights were invaded by the disclosure of confidential medical information, the Sixth Circuit has held that an individual does not possess a constitutionally-protected right to keep his medical records confidential. *J.P. v. DeSanti*, 653 F.32d 1080, 1087-91 (6th Cir. 1981); *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994).

C. *Masking due to Physical Condition; Note Posted on Door.*

In this claim, plaintiff alleges that "[t]hey" forced him to wear a mask to court and that he could "say nothing." He further alleges that "the Judge had a note on the door saying anyone entering courtroom will be exposed to Aids."

First of all, the allegation regarding the forced wearing of a mask is problematic because the only defendant specifically tied to this purported behavior is Judge David Brand. (Doc. 3, Attach. No. 1). However, because defendant Brand is a judge, he enjoys absolute immunity from lawsuits for monetary damages while performing his judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mann v. Conlin*, 22 F.3d 100, 103, (6th Cir. 1994). Presiding over criminal cases and exerting control over the courtroom and the criminal proceedings occurring therein lie within the scope of Judge Brand's jurisdiction.

5

Therefore, to the extent that plaintiff seeks damages from Judge Brand,[3] he possesses judicial immunity from this lawsuit.

Secondly, plaintiff does not allege, and it does not appear, that he sustained any physical injury resulting from being required to wear a mask to court or from the note posted on the door to the courtroom warning about exposure to AIDS. While the mere infliction of psychological pain, such as plaintiff's supposed mental stress, can violate the Eighth Amendment's proscription against cruel and unusual punishment, *Perkins v. Kansas Dept. of Corr.*, 165 S.3d 893 (10th Cir. 1999), the Prison Litigation Reform Act does not permit a prisoner to bring a claim for emotional or mental damages absent a showing of prior physical injury. *See* 42 U.S.C. § 1997e(e). Here, plaintiff has not claimed that he suffered any physical injury as a result of these two events, and, thus, § 1997e(e) precludes these claims. *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008).

In a subsequent letter to the Court (Doc. 4), plaintiff offers what will be broadly construed as additional claims.

D. *Medical Claims.*

In these claims, plaintiff contends that the Sheriff's Department charges a fee for inmates to visit with the nurse and for medication. Furthermore, according to plaintiff, he has not been referred to a bone specialist for his dislocated shoulder, which is hurting and rubbing his skin.

---

[3] The only relief sought by plaintiff is help in filing this lawsuit for mental stress and for violating his rights. (Compl. at ¶ V.))

The Eighth Amendment to the United States Constitution proscribes punishments which involve the unnecessary and wanton infliction of pain. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on such a claim, plaintiff must show: (1) that the alleged deprivation is, objectively, sufficiently serious and (2) that the prison official who caused the deprivation had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, there is no allegation that plaintiff was denied medical care for a serious medical need because he had no funds with which to pay the fee. Indeed, plaintiff has not identified any medical need he had, much less a serious one. Nor has he identified any individual who denied him care and, absent this allegation, it is impossible to make a determination as to the mental state of an unknown person. To the extent that plaintiff is alleging that the jail's medical care delivery system's fee requirement is per se unconstitutional, the Sixth Circuit, in an unpublished opinion, has determined otherwise. *Bailey v. Carter*, 15 Fed. Appx. 245, 2001 WL 845446 (6th Cir. July 20, 2001) (finding that a state statute requiring inmates to pay a modest fee for medical services did not violate due process, equal protection, the Eighth Amendment, or the "takings"clause of the Fifth Amendment).

Nor does the Court see a constitutional violation with respect to plaintiff's request to see a specialist. Plaintiff does not allege that he was denied medical care for his

shoulder, but instead complains that he "has been trying to get them to take [him] to a bone specialist and they want (sic)." While plaintiff finds fault with the refusal to refer him to an orthopedist, the Eighth Amendment does not entitle an inmate "to demand specific care. [An inmate] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). As long as the treatment actually afforded an inmate squares with the constitutional standard, he has no right to demand second opinions, a particular physician, or a particular treatment. *Estelle*, 429 U.S. at 106-07; *McCracken v. Jones*, 562 F.2d 22 (10th Cir. 1977). The Court finds nothing in the pleadings to suggest that plaintiff's medical treatment is constitutionally sub-par.

E. *Mail Claims.*

Plaintiff next maintains that "they look at" letters sent and received by inmates. While inmates have a First Amendment right to send and receive mail, subject to reasonable restrictions related to valid penological goals, *Sallier v. Brooks,* 343 F.3d 868, 873 -874 (6th Cir. 2003), his mail-related claims are supported by no allegations of fact. Plaintiff does not contend that *his* mail has been inspected. Absent a claim of injury, "actual or imminent, not conjectural or hypothetical," *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (citations omitted), plaintiff lacks standing under Article III to raise this particular claim. U.S. CONST. art. III, § 2, cl.1 (restricting federal court jurisdiction to "cases and controversies").

Additionally, plaintiff has omitted such necessary details as the date(s) the mail was opened; who opened the mail (if plaintiff knows that individual's identity); whether plaintiff was the sender or intended recipient of the mail; and whether the challenged actions

were taken pursuant to a jail rule or policy. Without some factual particulars to shore up this claim, it is conclusory. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). A court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988). Accordingly, because the claim is constructed on conclusory allegations and because there are no allegations connecting defendants to the supposed mail interference, plaintiff has failed to state a claim entitling him to relief under § 1983.

F. *Meal Claim.*

The last claim alleged in the letter is that inmates are fed leftovers which are two to three days old. As noted, to succeed on an Eighth Amendment claim, a prisoner must satisfy a two-prong test by showing (1) a sufficiently serious deprivation and (2) a sufficiently culpable state of mind on the part of the prison official who caused the deprivation. *Farmer*, 511 U.S. at 834. A prison condition will be sufficiently serious if it denies a plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer*, 511 U.S. at 832-33 (noting that prison officials must provide humane conditions of confinement). A state of mind will be sufficiently culpable where a prison official has knowledge of a substantial risk of serious harm to the inmate, but disregards it. *Farmer*, 511 U.S. at 837.

Once again, plaintiff has failed to make the required showing. Eating 2- to 3-day-old leftovers is not the type of extreme deprivation which is forbidden by the Eighth Amendment. It is widely known that free-world citizens consume leftover food and, thus, the

9

mere eating of leftovers could not pose a risk which today's society is unwilling to tolerate. *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Moreover, if it were assumed that being served leftover food is an extreme deprivation, plaintiff does not identify the person who served the leftover victuals. Clearly, it would be impossible to ascertain an unidentified individual's state of mind. Not only has plaintiff failed to demonstrate the two elements of a confinement-conditions claim, but he has also failed to assert that he suffered any physical injury from ingesting such food. Therefore, his claim is precluded under 42 U.S.C. § 1997e(e).

Finally, to the extent that any of plaintiff's allegations can be read as an attack on his pending state criminal proceedings, the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies. Under this doctrine, federal courts must abstain from entertaining lawsuits by a litigant seeking to enjoin an ongoing criminal prosecution against him in state court where those proceedings implicate important state interests and the litigant has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974).

All of the factors supporting abstention are present here. Plaintiff's criminal proceedings are currently pending. Undoubtedly, Tennessee has an important interest in punishing conduct proscribed by its criminal statutes. Moreover, plaintiff has not indicated that he will not be afforded an opportunity to press his claims in the state courts. Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings. *See Loch v. Watkins*, 2003 WL 21664879, *4 (6th Cir. Jul. 17, 2003). Any and all such claims are **DISMISSED** without prejudice.

An appropriate order will enter.

**ENTER**:

                                                              s/J. RONNIE GREER
                                             UNITED STATES DISTRICT JUDGE